Filed 11/14/23  P. v. Morales CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERICK MORALES,<br><br>    Defendant and Appellant. | A168210<br><br>(San Mateo County<br>Super. Ct. No. SC070612A) |

In 2014, a jury convicted defendant and appellant Erick Morales (appellant) of first degree murder (Pen. Code[1] § 187, subd. (a)), with a lying-in-wait special circumstance (§ 190.2, subd. (a)(15)).  The trial court sentenced him to life without the possibility of parole, and this court affirmed the judgment.  (*People v. Morales* (June 16, 2016, A141875) [nonpub. opn.] (*Morales I*).)

In May 2022, appellant filed a petition for resentencing based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) (Stats. 2018, ch. 1015).  The bill amended " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person

---

[1] All further statutory references are to the Penal Code.

1

who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill No. 1437 also enacted former section 1170.95, now section 1172.6, which provides a procedure for eligible defendants to petition for resentencing.

The trial court summarily denied appellant's petition for resentencing and appellant's appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal. Under that framework, we gave appellant notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *Delgadillo*, at pp. 231–232.). Appellant filed a supplemental letter brief. We affirm.

As explained in *Morales I*, *supra*, A141875, the evidence at trial allowed the jury to infer that appellant brought the victim, a classmate, to a secluded location, where the victim was stabbed to death, either by appellant or by a co-participant. The instructions given to the jury regarding the murder charge and the lying-in-wait special circumstance both required findings that appellant intended to kill the victim. Furthermore, the trial court correctly pointed out that there is nothing in the record that indicates appellant was prosecuted under a felony murder theory, natural and probable consequences theory, "or any other theory under which malice is imputed to the defendant." As the court concluded below, those circumstances render appellant categorically ineligible for relief under section 1172.6. (§ 1172.6, subd. (a); *People v. Estrada* (2022) 77 Cal.App.5th 941, 945–947 (*Estrada*).)

2

In his supplemental brief, appellant does not suggest any error in the trial court's analysis. His brief cites several inapposite case authorities that require no discussion. At the hearing on the petition for resentencing, appellant's appointed counsel pointed out that appellant may have been convicted on an aiding and abetting theory. But "[a] theory of direct aiding and abetting remains a valid theory after Senate Bill No. 1437." (*People v. Coley* (2022) 77 Cal.App.5th 539, 546 (*Coley*); see also *Estrada*, *supra*, 77 Cal.App.5th at p. 945 ["The record establishes that [the defendant] was convicted of first degree murder as an aider and abettor with intent to kill, and he is therefore ineligible for resentencing"].)

We have evaluated appellant's arguments, and we have conducted our own independent review of the record. We agree with the trial court that appellant failed to make a prima facie showing for relief under section 1172.6. Accordingly, the court properly denied his petition for resentencing without issuing an order to show cause. (*Coley*, *supra*, 77 Cal.App.5th at p. 545.)

## DISPOSITION

The May 2023 order denying appellant's petition for resentencing is affirmed.

SIMONS, ACTING P. J.

WE CONCUR:

BURNS, J.

CHOU, J.

A168210
*People v. Morales*